IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael O'Neal,  Case No. 3:04CV7255

    Plaintiff

v.  ORDER

Johns Manville Int'l, Inc.,

    Defendant

This is an employment discrimination case in which the defendant has filed a motion in limine. The motion seeks to exclude evidence relating to: 1) plaintiff's alcoholism; 2) defendant's allegedly disparate treatment of other similarly situated employees; and 3) defendant's treatment of another employee three years after it terminated the plaintiff.

Plaintiff was fired after he refused to take a test to determine his alcohol level. Defendant had asked him to take the test when he reported for work visibly under the influence of alcohol. Defendant, invoking a policy that required employees to submit to testing on demand, fired the plaintiff.

Plaintiff claims, and intends to offer evidence to show that certain non-minority employees were treated differently in that they were not terminated for not taking such test. Defendant seeks to exclude that evidence, along with evidence that plaintiff wishes to offer to show that he was an alcoholic.

I agree that evidence of plaintiff's putative alcoholism should not be admitted because it has no relevance to plaintiff's claim of discriminatory treatment on the basis of race. Plaintiff's disability

discrimination claim, which was based on his alleged alcoholism, has been dismissed for want of evidence either of such impairment or that defendant perceived the plaintiff to be an alcoholic.

The fact that plaintiff was drunk, if such was the case, may be introduced. What caused him to drink to excess that evening is not, however, relevant to the issue of defendant's discriminatory treatment on the basis of race.

I disagree with defendant's contention, however, that the evidence plaintiff intends to offer about other employees who he claims were treated differently should be excluded. At this stage, Defendant's claims about non-comparability go to the weight, not the admissibility of the evidence.

For the reasons stated in the decision overruling defendant's motion for summary judgment, I concluded that the other employees were sufficiently comparable to create a jury issue. To the extent that defendant now has other reasons for contending that they are not lawfully cognizable as comparables, it can assert those reasons at trial.

Defendant may seek a jury instruction on what constitutes a comparably situated employee. The jury will determine whether the evidence, once offered at trial, meets that standard.

To grant the pending motion in limine with regard to plaintiff's evidence of comparably situated employees would be, in effect, to reconsider and grant its motion for summary judgment. I decline to do so, and this case shall proceed to trial.

I reach the same result with regard to the evidence of the employee who was allowed to go home, rather than being asked to submit to an alcohol test. Whether such leniency was an isolated incident unrelated to the earlier treatment of plaintiff or otherwise is not probative of discrimination is for the jury to determine. The fact that the incident occurred three years after plaintiff's termination might properly be

viewed as probative of company policy and practice, despite its temporal distance from the events giving rise to plaintiff's loss of his job.

At issue is whether the company tolerated conduct on the part of non-minority employees that it did not tolerate on plaintiff's part, or failed to respond to such conduct on their part in the way in which it responded to plaintiff's conduct. If the jury finds that such is so, it can draw an inference of discrimination, and determine whether that inference overcomes the defendant's articulated reasons for firing the plaintiff.

For the foregoing reasons, it is

ORDERED THAT defendant's motion in limine granted with regard to evidence of plaintiff's putative alcoholism and otherwise denied.

So ordered.

                                                /s/James G. Carr
                                                James G. Carr
                                                Chief Judge