IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL O'NEAL,

                      Plaintiff,                Case No. 3:04 CV 7255

   -vs-

                                          MEMORANDUM OPINION
JOHNS MANVILLE INTERNATIONAL, INC.,       AND ORDER

                      Defendant.

KATZ, J.

This matter is before the Court on Defendant's Motion to Quash (Doc. No. 60), to which Plaintiff has filed a Response (Doc. No. 63), and on Defendant's Motion in Limine (Doc. No. 61), to which Plaintiff has filed a Response (Doc. No. 65). Defendants' motions are granted in part and denied in part as follows.

### DISCUSSION

*A. Motion to Quash*

Defendants move to quash the subpoena *duces tecum* Plaintiff served on Franklin McCord, Defendant's acting director of human resources, on the Friday before trial. The subpoena requires McCord to produce "all documents in [his] possession pertaining to racial discrimination at Johns

Manville against Mr. O'Neal or any other employees, hourly or managerial, including any allegations of your own and any Johns Manville responses thereto." (Doc. No. 60, Ex. 1, p. 2.) Defendants claim that Plaintiffs improperly served the subpoena, that the subpoena is untimely, and that it is overbroad and seeks irrelevant information.

Plaintiff claims he intended to subpoena McCord in his individual capacity and to seek only "those documents concerning racial discrimination or allegations thereof at Johns Manville which he produced, created, or received in his role as complainant, charging party, or witness to charges of discrimination filed or contemplated to be filed with the OCRC or EEOC." (Doc. No. 63, p. 3.) Based on Plaintiff's clarification, the Court will modify the subpoena to demand only those documents in Frank McCord's possession in his individual capacity that fit the above description.

"The law is clear, absent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty." *Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002). Defendant makes no claim that the documents sought are privileged. The Court must therefore deny Defendant's motion to quash, despite the fact that the Court would otherwise find several of Defendant's arguments to be well-taken. However, the Court notes that the documentary evidence Plaintiff seeks would be inadmissible under the Court's determination of Defendant's Motion in Limine, as explained below.

*B. Motion in Limine*

Defendants have moved in limine to preclude Plaintiffs from presenting "evidence regarding allegations of discrimination against Johns Manville by persons other than Plaintiff." Defendants claim

2

such evidence is irrelevant under Federal Rule of Civil Procedure 401 or, alternately, unduly prejudicial and confusing and therefore appropriately excluded under Rule 403.

While Plaintiff may present evidence regarding Johns Manville's treatment of Plaintiff himself and its treatment of similarly situated employees, Plaintiff may not present evidence regarding allegations or claims by other employees that Johns Manville discriminated against them. The Court finds that evidence of such allegations is irrelevant to Plaintiff's claim that Defendant applied its drug and alcohol policy unevenly. *See* FED. R. EVID. 401; *see also Schrand v. Fed. Pac. Elec. Co.*, 851 F.2d 152, 156 (6th Cir. 1988). Even if it was relevant, the probative value of such evidence would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and undue delay. *See* FED. R. EVID. 403; *see also Schrand*, 851 F.2d at 156 (quoting *Haskell v. Kamen Corp.*, 743 F.2d 113, 122 (2d Cir. 1984) (noting that "the 'strongest jury instructions could not . . . dull[] the impact of a parade of witnesses, each recounting his contention that defendant had laid him off because of his age'" )).

## CONCLUSION

Defendant's Motion to Quash (Doc. No. 60) is denied. Plaintiff's subpoena of Franklin McCord is modified as stated herein. Defendant's Motion in Limine (Doc. No. 61) is granted in part and denied in part as stated herein.

IT IS SO ORDERED.

   s/ *David A. Katz*
   DAVID A. KATZ
   SENIOR U. S. DISTRICT JUDGE